# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE MATHIS, | ) 1:12cv01673 AWI DLB PC |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT<br>) WITH LEAVE TO AMEND |
| vs. | ) |
| E. FLORES, et al., | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

Plaintiff Bennie Mathis ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights complaint on October 12, 2012. Plaintiff names North Kern State Prison Dr. E. Flores and Chief Medical Officer A. Shittu as Defendants.

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     DISCUSSION**

    1.     Rule 8 and Pleading Requirements

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Here, Plaintiff fails to provide sufficient details about his claims to allow the Court to determine whether it states a claim. He provides a paragraph of allegations that appear to involve medical care given by Defendant Dr. Flores and an appeal denied by Defendant Shittu. Although Plaintiff includes dates, his allegations are too vague and non-specific to state a claim for which relief may be granted. Plaintiff also attaches exhibits, but the Court will not attempt to craft his allegations from the exhibits.

As written, Plaintiff's complaint is not a cohesive, concise description of his allegations and supporting facts and fails to comply with Rule 8(a). Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000).

Plaintiff's complaint therefore fails to state a claim for which relief may be granted and is dismissed with leave to amend. The Court will provide Plaintiff with the legal standard for Eighth Amendment medical claims.

2.  Eighth Amendment

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation

marks omitted).  Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.  Id. (citation and quotations omitted).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

C.      **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth, 114 F.3d at 1474; King, 814 F.2d at 567, and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed, with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **April 20, 2013**              /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE